# David Lomascola, et. al.,

v.

# BNSF Railway Company, et. al.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-1314-CV-201101423 | Sanchez, William A. | 11/14/2011 | LOS LUNAS District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | BNSF RAILWAY COMPANY |
| D | Defendant | 2 | MCKEAN KERRY LEE |
| D | Defendant | 3 | COOK VALERIE |
| P | Plaintiff | 1 | LOMASCOLA DAVID |
| | | ATTORNEY: IVES ZACHARY ARTHUR | |
| P | Plaintiff | 2 | BURCH RON |
| | | ATTORNEY: IVES ZACHARY ARTHUR | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 11/14/2011 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Tort: Personal Injury Auto |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 12/08/2011 | CERTIFICATE OF SERVICE<br>COS 1st ROGs RFPs to both Plaintiffs | | | | |
| 12/08/2011 | ENTRY OF APPEARANCE<br>EOA RE: Valerie Cook | | | | |
| 12/05/2011 | CERTIFICATE OF SERVICE<br>Certificate of Service for Service for Returns on Summons & Complaint (sent by Certified Mail) | | | | |
| 11/15/2011 | | | | | |
| 11/14/2011 | OPN: COMPLAINT<br>For Personal Injuries and Property Damage | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 11/14/2011 | Sanchez, William A. | 1 | INITIAL ASSIGNMENT |

PENGAD 800-631-6989 EXHIBIT A

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/14/2011 4:44:46 PM
GERI LYNN SANCHEZ

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

No. D-1314-CV-2011-01423

DAVID LOMASCOLA and RON BURCH,

Plaintiffs,

vs.

BNSF RAILWAY COMPANY, KERRY LEE MCKEAN
and VALERIE COOK,

Defendants.

**COMPLAINT FOR PERSONAL INJURIES AND PROPERTY DAMAGE**

**Nature of the Case**

This Complaint arises from a motor vehicle accident that occurred at approximately 1:30 p.m. on Monday, December 15, 2008, on westbound Interstate 40 ("I-40") near Clines Corners, New Mexico. Plaintiff David Lomascola ("Lomascola"), a world-class pianist, was driving a motorhome that was towing a trailer containing personal property, including musical instruments and professional electrical equipment. Plaintiff Ron Burch ("Burch") was in the passenger seat of the motorhome. The plaintiffs were returning to Oregon after a successful engagement in Branson, Missouri where Lomascola had his own solo piano performance show. It was snowing at the time of the accident. Lomascola was driving in a reasonable and safe manner, taking into consideration the weather conditions, when the trailer his motorhome was pulling was hit with great force from behind by a BNSF Railway Company ("BNSF") truck driven by defendant Kerry Lee McKean ("McKean") who, on information and belief, was an employee of BNSF acting within the scope of his employment. Following the colllision with the BNSF truck driver

by McKean, and shortly after Lomascola pulled his motorhome and trailer to the side of the roadway, out of the flow of traffic, the trailer was hit again by a van driven by Defendant Valerie Cook ("Cook"). The collisions caused serious and debilitating injuries to Lomascola and destroyed or seriously damaged the personal property belonging to Lomascola and Burch, including damage to the motorhome, the trailer and to the items in the trailer.

**Parties**

1. Plaintiff Lomascola is a resident of Portland, Oregon. He is a world-class professional pianist and the owner of certain personal property at issue in this case. At the time of the accident, Lomascola was returning to Portland from his solo piano show in Branson, Missouri.

2. Plaintiff Burch is a resident of Portland, Oregon. He is the owner of certain property at issue in this case and, at the time of the accident, was returning to Portland with Lomascola from Lomascola's show in Branson, Missouri, where he assisted Lomascola in producing the show.

3. Defenant McKean is a resident of Amarillo, Texas and, on information and belief, at the time of the accident described herein was an employee of BNSF and was acting in the scope of his employment.

4   Defendant BNSF is a foreign corporation registered to do business in New Mexico, with its registered agent located in Belen, New Mexico. On information and belief, at all material times, BNSF was the employer of McKean who was the driver of the pickup truck owned by BNSF which struck the motorhome driven by Lomascola. On information and belief, at all material times, McKean was the agent of, and acting in the scope of his employment with

BNSF.

5. Defendant Cook is a resident of Waterford, California.

**Jurisdiction and Venue**

6. The district court has subject matter jurisdiction over this personal injury case pursuant to the New Mexico State Constitution, Art. IV, § 13.

7. The district court also has personal jurisdiction over the defendants in this case where:

A. Defendants were operating their motor vehicles in New Mexico within the meaning of NMSA 1978 § 38-1-16(A)(2) (1959) and committed a tortious act in New Mexico within the meaning of NMSA § 38-1-16(A)(3).

B. Defendant BNSF committed a tortious act in New Mexico within the meaning of NMSA § 38-1-16(A)(3).

C. Defendant BNSF transacted business in New Mexico within the meaning of NMSA § 38-1-16(A)(1).

8. Venue is proper in this Court pursuant to NMSA § 38-3-1F.

**Facts**

9. On December 15, 2008, Lomascola was traveling westbound on I-40 near Clines Corners, New Mexico. Lomascola was driving a motorhome that was pulling a trailer packed with personal property, including musical instruments and professional electrical equipment. Burch was in the passenger seat of the motorhome Lomascola was driving. Lomascola and Burch were returning to Oregon after Lomascola had completed a successful engagement in Branson, Missouri, where he had his own solo piano performance show. It was snowing at the

time of the accident. Lomascola was driving in a reasonable manner taking into consideration the weather conditions. McKean, an employee of BNSF, was driving a BNSF truck and was also traveling west on I-40 behind the motorhome driven by Lomascola. McKean, who was speeding, following too close behind the vehicle in front of him and was not driving with the caution required by the weather and road conditions, negligently caused the BNSF pickup truck he was driving to slam into the back of the trailer that was being pulled by the motorhome driven by Mr. Lomascola, causing the trailer to violently hit the back of the motorhome.

10. Following the collision with McKean's vehicle, Lomascola pulled the motorhome and trailer off to the side of the road and out of the roadway. Shortly after Lomascola pulled the motorhome and trailer to the side of the road, the trailer was hit a second time by a van driven by Cook. Cook, who was following too closely behind the vehicles in front of her and was not driving with the caution required by the weather and road conditions, negligently caused the van she was driving to hit the trailer that was attached to the motorhome.

11. As a consequence of the collisions caused by Defendants McKean and Cook, Lomascola was seriously injured. He suffered injuries to his head, back, left shoulder, left hand and forearm. In particular, the injury to Lomascola's left hand and forearm is chronic and has significantly reduced his ability to perform as a professional pianist in a sustained and continuing manner.

12. In addition, as a result of the collisions caused by Defendants McKean and Cook, the personal property owned by Lomascola and Burch was either damaged or destroyed. The damaged or destroyed property included the motorhome, trailer and personal property in the trailer.

13. At all material times, McKean was an employee of BNSF and was acting within the scope of his employment. The truck he was driving was owned by BNSF.

**COUNT I (Negligence)**

14. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

15. Defendants McKean and Cook each owed a duty of care to drivers and passengers of other vehicles, including Lomascola and Burch, when McKeon and Cook were driving on I-40 on December 15, 2008.

16. Defendants McKean and Cook breached their duty of care by driving carelessly, failing to keep a proper lookout, following the motorhome and trailer too closely, speeding and otherwise failing to operate their respective vehicles in a safe and reasonable manner in consideration of the roadway and weather conditions at the time of the collisions.

17. As a proximate result of Defendants McKean and Cook's negligence, their vehicles collided with the trailer being pulled by the motorhome that was driven by Lomascola with such great force that Lomascola sustained severe permanent injuries.

18. As a direct and proximate cause of Defendants McKean and Cook's negligence, the trailer and motorhome were seriously damaged and personal property contained in the trailer was damaged or destroyed.

19. By reason of the aforementioned, Lomascola has suffered damages including, but not limited to:

a. Great physical and mental pain and suffering, which will continue in the future;

b. Severe permanent injuries;

      c. The deprivation of his enjoyment of life;

d. Medical and related expenses;

e. Future medical and related expenses; and

f. Lost earning capacity.

20. By reason of the foregoing, Lomascola and Burch have suffered damages in an amount necessary to repair or replace their personal property that was damaged or destroyed.

**COUNT II (Negligence Per Se)**

21. Plaintiff incorporates by reference the proceeding paragraphs of this Complaint.

22. At the time of the collisions, Defendants McKean and Cook were driving carelessly, failed to pay attention to traffic, following too closely, were driving at a rate of speed that was excessive considering the weather and road conditions at the time, and otherwise failed to drive in a safe and reasonable manner.

23. Defendants McKean and Cook's actions described above were in violation of applicable and governing traffic laws, statutes and regulations, including but not limited to NMSA§ 66-8-114 (careless driving), NMSA§ 66-7-318(following too closely) and NMSA § 67-7-301 (speeding). Plaintiffs Lomascola and Burch belonged to the class of persons sought to be protected through the traffic laws, statutes, and regulations prohibiting the conduct engaged in by Defendants McKean and Cook.

24. As a direct and proximate cause of the above violations, Lomascola has sustained severe, permanent injuries which will continue for an indefinite period in the future.

25. As a direct and proximate cause of the above violations, Lomascola and Burch have sustained damage to, or destruction of their personal property, including the motorhome,

trailer and contents of the trailer.

26. By reason of the aforementioned, Lomascola has suffered damages including, but not limited to:

a. Great physical and mental pain and suffering, which will continue in the future;

b. Severe permanent injuries;

c. The deprivation of his enjoyment of life;

d. Medical and related expenses;

e. Future medical and related expenses; and

f. Lost earning capacity.

27. By reason of the foregoing, Lomascola and Burch have suffered damages in an amount necessary to repair or replace their personal property that was damaged or destroyed.

**COUNT III (Respondeat Superior)**

28. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

29. On information and belief, at all times material to this matter, McKean was an employee of Defendant BNSF.

30. On information and belief, at all times material to this matter, McKean was engaged in a business endeavor for Defendant BNSF.

31. The vehicle McKean was driving when it struck the trailer being pulled by Lomasmcola's motorhome was owned by BNSF.

32. On information and belief, McKean was an agent and servant of BNSF at the time of the collision and acting within the scope of his employment.

33. BNSF is vicariously liable for McKean's negligence and negligence per se.

34. BNSF is liable for the damages suffered by Lomascola, including, but not limited to:

    a. Great physical and mental pain and suffering, which will continue in the future;

    b. Severe permanent injuries;

    c. The deprivation of his enjoyment of life;

    d. Medical and related expenses;

    e. Future medical and related expenses; and

    f. Lost earning capacity.

    g. Loss of property and the use thereof.

35. BNSF is liable for the damages to personal property owned by Lomascola and Burch in an amount necessary to repair or replace their personal property that was damaged or destroyed.

WHEREFORE, Plaintiffs request the following relief:

    A. For Lomascola, damages for personal injury in an amount to be proved at trial.

    B. For Lomascola and Burch, damages for damage to, and destruction of their personal property in an amount to be proved at trial.

    C. Plaintiffs' attorney fees and reasonable costs incurred.

    D. Pre- and post-judgment interest.

    E. Any and all other relief the Court may deem proper.

FREEDMAN BOYD HOLLANDER
GOLDBERG IVES & DUNCAN, P.A.

By: ______________________________
Zachary A. Ives
David A. Freedman
20 First Plaza, Suite 700 (87102)
P.O. Box 25326
Albuquerque, NM 87125
(505) 842-9960

***Attorneys for Plaintiffs David Lomascola and Ron Burch***

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/5/2011 3:58:25 PM
GERI LYNN SANCHEZ

STATE OF NEW MEXICO

COUNTY OF VALENCIA

THIRTEENTH JUDICIAL DISTRICT COURT

No. D-1314-CV-2011-01423

DAVID LOMASCOLA and RON BURCH,

Plaintiffs,

vs.

BNSF RAILWAY COMPANY, KERRY LEE MCKEAN and VALERIE COOK,

Defendants.

**CERTIFICATE OF SERVICE**

Counsel for plaintiffs certifies that copies of the Summons and Complaint filed in this matter on November 14, 2011, were sent by U.S. Certified Mail (Return Receipt Requested) on November 15, 2011 to the respective defendants. The dates of receipt of the Summons and Complaint are acknowledged by the signatures on the return receipts, attached hereto as Ex. A:

1. BNSF Railway Company - November 11, 2011;
2. Valerie Cook - November 21, 2011; and
3. Kerry Lee McKean - November 28, 2011.

FREEDMAN BOYD HOLLANDER
GOLDBERG IVES & DUNCAN, P.A.

By: ______________________
Zachary A. Ives
David A. Freedman
20 First Plaza, Suite 700 (87102)
P.O. Box 25326

Albuquerque, NM 87125
(505) 842-9960

*Attorneys for Plaintiffs David Lomascola and Ron Burch*

I certify that a copy of the foregoing was served on defendants this 5th day of December, 2011:

______________________________
David A. Freedman

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
BNSF Railway Company
c/o Leslie L. Keener, Registered Agent
106 N. 1st Street
Belen, NM 87002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name) C. Rico C. Date of Delivery 11/21/11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7010 0290 0001 9422 1196

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Valerie Cook
203 Coastal Lane
Waterford, CA
95386

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☐ Agent ☒ Addressee

B. Received by (Printed Name) VALERIE COOK C. Date of Delivery 11-21-11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7010 0290 0001 9422 1172

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Kerry Lee McKean
4522 Steffi Court
Amarillo, TX
79110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☐ Agent ☒ Addressee

B. Received by (Printed Name) Kerry McKean C. Date of Delivery 11-26-11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7010 0290 0001 9422 1189

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

EXHIBIT A
FILED IN MY OFFICE
DISTRICT COURT CLERK
12/8/2011 4:45:36 PM
GERI LYNN SANCHEZ

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

DAVID LOMASCOLA and RON BURCH,

Plaintiffs,

v. No. D-1314-CV-2011-01423

BNSF RAILWAY COMPANY, KERRY LEE MCKEAN, and VALERIE COOK,

Defendants.

**ENTRY OF APPEARANCE**

COMES NOW Beall & Biehler, by Gregory L. Biehler, Esq., and enters its appearance in this case on behalf of Defendant Valerie Cook.

Respectfully submitted,

BEALL & BIEHLER

BY:____________________________

Gregory L. Biehler, Esq.
Attorneys for Defendant Valerie Cook
6715 Academy Rd. NE
Albuquerque, NM 87109
(505) 828-3600

I hereby certify that a true and correct copy of the foregoing was mailed on this 7th day of December, 2011 to:

Freedman, Boyd, Hollander, Goldberg, Ives & Duncan, PA
c/o Zachary A. Ives, Esq.
PO Box 25326
Albuquerque, NM 87125

____________________________

Gregory L. Biehler, Esq.

FILED IN MY OFFICE
DISTRICT COURT CLERK
12/8/2011 4:50:32 PM
GERI LYNN SANCHEZ

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

DAVID LOMASCOLA and RON BURCH,

Plaintiffs,

v. No. D-1314-CV-2011-01423

BNSF RAILWAY COMPANY, KERRY LEE MCKEAN, and VALERIE COOK,

Defendants.

**CERTIFICATE OF SERVICE**

COMES NOW, the Defendant VALERIE COOK, by and through her attorney of record, BEALL & BIEHLER, by Gregory L. Biehler, Esq., and hereby certifies that an original and one copy of **1) Defendant Valerie Cook's First Set of Interrogatories and Request for Production to Plaintiff David Lomascola** and **2) Defendant Valerie Cook's First Set of Interrogatories and Request for Production to Plaintiff Ron Burch** along with a copy of this **Certificate**, were mailed on this 8th day of December, 2011 to Plaintiffs' counsel at:

Freedman, Boyd, Hollander, Goldberg, Ives & Duncan, PA
c/o Zachary A. Ives, Esq.
PO Box 25326
Albuquerque, NM 87125

Respectfully submitted,

BEALL & BIEHLER

By:_______________________________

GREGORY L. BIEHLER, Esq.
Attorney for Defendant Valerie Cook
6715 Academy Road NE
Albuquerque, NM 87109
(505) 828-3600
(505) 828-3900 Fax