IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID LOMASCOLA and RON BURCH,

    Plaintiffs,

v.                                                                                                  Civ. 11-01103 KBM/ACT

BNSF RAILWAY COMPANY, KERRY LEE
MCKEAN AND VALERIE COOK,

    Defendants.

## DISCOVERY ORDER

THIS MATTER comes before the Court on Defendant Valerie Cook's Motion for Protective Order [Doc. 29], filed on May 21, 2012. Plaintiffs filed a Response [Doc. 32], on May 22, 2012. The Court has reviewed the Motion and the Response and does not need a reply.

Defendant Cook is seeking a Protective Order requiring that her and her husband's depositions be taken in Modesto, California, which is approximately 14 miles from where they live. Counsel for Plaintiffs have scheduled the deposition for 9:00 a.m. on June 1, 2012 in Oakland, California, which is approximately 96 miles from the Cooks' home. Defendant Cook and her husband are in their early 70s and Mr. Cook has some health problems. Doc. 29-1, Exhibit B. Counsel and Defendant Cook have estimated the commute from Modesto to Oakland to be anywhere from two to three hours depending on traffic.

Counsel for Plaintiffs and the Defendants BNSF Railway Company and Kerry Lee McKean intend to fly to Oakland the day before the depositions, and counsel for Defendant Cook will apparently be flying to Oakland the day before from Los Angeles, California.

Counsel for Plaintiffs and Defendant Cook have exchanged e-mails and letters, but have been unable to reach an agreement on where the deposition of the Cooks should be taken. Counsel for

Defendant Cook says the only agreement was that the depositions would be taken "in California." Doc. 29 at 10. Counsel for Plaintiffs has provided a copy of an e-mail exchange in which counsel for Defendant Cook states, "I will let the Cooks know their depositions will be taken in Oakland or Berkeley," [Doc. 32-1, Exhibit A] which Plaintiffs' counsel said was their agreement.

It is obvious that there is a dispute as to what the agreement was regarding the location for the taking of the depositions. The Court is concerned that counsel for Defendant Cook may have misrepresented to the Court that the agreement was only that the depositions would be taken "in California." The Court is also disappointed that counsel for Defendant Cook did not agree with Plaintiffs' counsel's suggesting that the issue be taken up telephonically with the Court and instead filed a formal motion. Resolving this matter in a telephonic conference with the Court would have conserved valuable judicial resources and also reduced client expenses by eliminating the need for motion practice.

What the Court can conclude from the pleadings is that there had been a tentative agreement to take the depositions of Mr. and Mrs. Cook in Oakland or Berkeley, California. Subsequently, counsel for Defendant Cook was advised of the difficulties requiring Mr. and Mrs. Cook to travel to either of those locations because of age, health, and the amount of early morning traffic. Rather than work out an acceptable compromise or request the assistance of the Court in a telephonic conference, counsel for Defendant Cook filed this Motion.

The Court need look no further than Rule 26(c)(1)(B) of the Federal Rules of Civil Procedure to resolve this dispute. Rule 26(c)(1)(B) provides in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of more of the following:
> . . .

     (B) specifying terms, including time and place for the disclosure or discovery.

 The Court is satisfied, based on the Affidavit of Defendant Cook, that it would place an undue burden on the Cooks if their depositions were taken in Oakland or Berkeley. Therefore, the Cooks' depositions are to be taken in Modesto, California on June 1, 2012 or such other date as counsel can agree on.

 This is the type of disagreement or dispute which should be resolved by counsel without Court intervention. If an agreement cannot be reached, this kind of dispute can be resolved by a telephone conference with the Court, which would likely last no more than five minutes. Given what the Court perceives as a failure to cooperate by counsel for Defendant Cook, the Court is going to take the unusual step of awarding attorney fees for the preparation of a response to Defendant's Motion for Protective Order.

 IT IS THEREFORE ORDERED that Defendant Cook's Motion for Protective Order [Doc. 29] is granted, and the depositions of Defendant Cook and her husband will be taken in Modesto, California; and

 IT IS FURTHER ORDERED that counsel for Plaintiffs submit an affidavit in support of attorney fees for having to respond to this motion.

_____
Alan C. Torgerson
United States Magistrate Judge