## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DAVID LOMASCOLA and RON BURCH,**

    **Plaintiffs,**

**v.**                                          **CIV 11-1103 KBM/ACT**

**BNSF RAILWAY COMPANY, KERRY LEE**
**McKEAN and VALERIE COOK,**

    **Defendants.**

## <u>ORDER OVERRULING OBJECTION</u>

THIS MATTER comes before the Court on Defendant Cook's Objection to Magistrate Judge Order of 5/13/12 *(Doc. 41)*, filed June 4, 2012.  I have carefully reviewed the objection and the relevant law and I find that the objection should be overruled.  Moreover, I find that any response from Plaintiffs is unnecessary.

The depositions of Defendant Valerie Cook and her husband were set to be taken in California.  After Defendant Cook's attorney requested a change in the venue, the parties were unable to reach an agreement as to where the depositions would be taken.  Gregory L. Biehler, counsel for the Cooks, refused repeated requests of Plaintiffs' counsel to resolve the dispute informally via telephone conference, including, if necessary, the Magistrate Judge, and instead filed a Motion for Protective Order.  As Magistrate Judge Alan C. Torgerson noted in his Discovery Order, "[r]esolving this matter in a telephonic conference with the Court would have conserved valuable judicial resources and also reduced client expenses by eliminating the need for motion practice."  *See* Doc. 34 at 2.  Thus, although Judge Torgerson found good cause to

grant the Cooks' Motion for Protective Order, he awarded Plaintiffs their attorney fees for the preparation of a response to the Cooks' Motion.  *See id.* at 3.

The standard of review in these circumstances requires me to modify or set aside Judge Torgerson's award of attorney fees if it is "clearly erroneous or contrary to law."  FED. R. CIV. P. 72(a).  An order is clearly erroneous when, "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."  *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

I see nothing clearly erroneous about Judge Torgerson's Discovery Order.  Defendant Cook argues that Judge Torgerson may have been confused regarding the specific representations made and positions taken by counsel during the course of their dispute.  *See* Doc. 41 at 2-3. Regardless of the specifics, however, counsel for Defendant Cook has not adequately explained his refusal to at least attempt to resolve the dispute informally.  Counsel notes that "the Judge needed a factual and evidentiary predicate to rule."  *See* Doc. 41 at 3.  But nothing prevents Mr. Biehler from recounting the important facts telephonically.  He further states that he "needed to establish the basis for [the] motion and preserve [the] record."  *Id.* at 3-4.  However, this argument fails to consider that no motion would have been necessary if the parties were able to reach an agreement during a telephone conference, either with or without Judge Torgerson's assistance. Not only is Judge Torgerson's Discovery Order [ Doc. 34] consistent with the law, I

would have issued the same decision had the matter come before me.

   **Wherefore,**

   **IT IS HEREBY ORDERED** that Defendant Cook's Objection to Magistrate Judge

Order of 5/13/12 *(Doc. 41* is overruled.

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**