IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID LOMASCOLA and RON BURCH,

    Plaintiffs,

v.                                                                                                        Civ. No. 11-01103 KBM/ACT

BNSF RAILWAY COMPANY, KERRY LEE MCKEAN
and VALERIE COOK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Valerie Cook's Motion for an Order Compelling Discovery Responses from State Farm Mutual Automobile Insurance Company ("State Farm") filed on May 25, 2012. Def.'s Mot. To Compel 1, May 5, 2012, Doc. 36 (hereinafter "Doc. 36"). No response was filed by State Farm. The primary issue is whether the Court should order State Farm to produce for Defendant Cook correspondence between State Farm and Plaintiffs' counsel, Freedman, Boyd, Hollander, Goldberg, Ives & Duncan, P.A. *Id.* Because the Subpoena for Production or Inspection ("Subpoena") was issued by a state court no longer holding jurisdiction over the case, and because the Federal Rules of Civil Procedure provide that no discovery shall take place until parties have met to discuss a discovery plan, the Court will deny the motion.

## FACTUAL BACKGROUND

This is a personal injury and property damage case alleging theories of negligence, negligence per se and respondeat superior as a result of a highway accident between three vehicles. *See* Notice of Removal, Exhibit A, at 1-2, Dec. 15, 2011, Doc. 1 (hereinafter "Doc.

1

1"). Defendants BNSF Railway Company, Kerry Lee McKean and Cook are alleged to have caused personal injury to Plaintiff David Lomascola, as well as damage to the property of both Plaintiffs, Lomascola and Ron Burch, following an accident on westbound Interstate-40 near Clines Corners in the early afternoon on December 15, 2008. *Id.* Defendants BNSF, McKean and Cook assert that the accident was not a result of negligence on their respective behaves, and each assert several affirmative defenses, including comparative negligence. *See* Joint Status Report and Provisional Discovery Plan 3, Mar. 29, 2012, Doc. 18 (hereinafter "Doc. 18").

**PROCEDURAL BACKGROUND**

On November 14, 2011, the Plaintiffs filed their Complaint for Personal Injuries and Property Damage in the Thirteenth Judicial District Court County of Valencia, State of New Mexico. Doc. 1. On December 15, 2011, Defendants BNSF and McKean removed the case to this Court pursuant to 28 U.S.C. § 1441 (2006). Doc. 1. By December 28, 2011, all parties had consented to the removal. On March 1, 2012, the parties met to discuss a provisional discovery plan per the requirements of Federal Rule of Civil Procedure 26. Doc. 18.

**1.** *The Subpoena at Issue.*

This Order concerns a Subpoena For Production or Inspection issued by the Thirteenth Judicial District Court County of Valencia, State of New Mexico. Doc. 36. On January 6, 2012, after the case was removed from the state court, Defendant Cook served the Subpoena on State Farm. *Id.* The Subpoena requested information concerning any insurance policy claims filed by either Plaintiff Burch or Plaintiff Lomascola following the accident. *Id.*

**2.** *State Farm's Response to Defendant Cook's Subpoena.*

On April 25, 2012, State Farm provided Defendant Cook with several documents in response to the Subpoena. Doc. 36. However, State Farm objected, citing attorney-client

privilege, to the production of several other documents, including correspondence between State Farm and Plaintiffs' counsel, Freedman, Boyd, Hollander, Goldberg, Ives & Duncan, P.A., dated December 12, 2011. *Id*. In objecting, State Farm produced a "Privilege Log." *Id.*

**3.** *Defendant Cook's Response to State Farm's Failure to Produce.*

Following the failure to produce the correspondence, Defendant Cook objected on April 29, 2012. Doc. 36. Thereafter, State Farm's initial objection, citing attorney-client privilege, was restated on May 4, 2012. *Id.* Defendant Cook's Motion to Compel, filed May 25, 2012, followed State Farm's reiterated objection. *Id.*

## LAW REGARDING JURISDICTION OF STATE COURTS AFTER REMOVAL

Title 28, section 1441 of the United States Code provides one means by which a defendant may remove a pending action from a state court and place it in a federal court residing in the forum state. Once the case has been properly removed from a state court, "the federal district court acquires full and exclusive subject-matter jurisdiction over the litigation." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3738, at 692-94 (4th ed. 2009). Thus, a state court in which an action previously was pending ceases to hold jurisdiction over the case, thereby nullifying any authority to manage the case after removal. *See Otway v. City of New York*, 818 F. Supp. 659, 660 (S.D.N.Y. 1993) (holding that the filing of an amended complaint, filed in state court subsequent to the proper removal, had no effect on the pending action in federal court).

## LAW REGARDING THE ATTORNEY-CLIENT PRIVILEGE

The attorney-client privilege protects confidential communication between a client and his or her attorney thereby "encourag[ing] full and frank communication . . . so that sound legal advice or advocacy" may be provided. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

Federal Rule of Evidence 501 provides, "[i]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Under New Mexico law, "the attorney-client privilege . . . is expressly provided for and governed by New Mexico's Rules of Evidence." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 33, 267 P.3d 806, 813 (N.M 2011) (citations omitted). New Mexico Rule of Evidence 11-503, in pertinent part, states:

> "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client . . . by the client or client's lawyer to a lawyer representing another in a *matter of common interest*. . . ."

N.M. Evidence Rule 11-503 (b), (b)(3) (West 2011) (emphasis added).

The common interest rule "protects the 'confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel.'" *Santa Fe Pac. Gold Corp. v. United Nuclear Corp.*, 2007-NMCA-133, ¶ 15, 143 N.M. 215, 221, 175 P.3d 309, 315 (N.M. 2007) (quoting *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir.1989)). In *Santa Fe Pacific Gold Corp.*, the New Mexico Court of Appeals held that the common interest rule permitted a nonparty, General Electric Company, to assert attorney-client privilege protection over communications with a party, United Nuclear Corporation, concerning a joint effort to address "the legal considerations of the environmental conditions at mine sites." *Id.* at ¶ 19. Both parties need not be involved in a particular lawsuit for the rule to apply; rather, "the rule applies whenever more than one client share a common interest about a legal matter." *Id.* at ¶ 18 (quoting *Schwimmer*, 892 F.2d at 243). Hence, the common interest rule is a furtherance of the attorney client privilege doctrine because it increases information available to an attorney with which to provide the client sound legal advice or advocacy. *See id*.

Although the Court finds no law on point in New Mexico, other jurisdictions with a common interest rule have extended the attorney-client privilege to insurer-insured communications when the communication concerns a matter of common interest. *See*, *e.g.*, *Alit (No. 1) Ltd. v. Brooks Ins. Agency*, No. 10-2403, 2012 WL 959332, *7-10 (D.N.J. Mar. 21, 2012); *see generally* 17A Lee R. Russ & Thomas F. Segalla, *Couch on Ins.* § 250.19 (3d ed. 2012).

The common interest rule, however, does not operate in a vacuum. The party asserting the rule must demonstrate that the communication also satisfies the elements of the attorney-client privilege. *Santa Fe Pac. Gold Corp.*, 2007-NMCA-133, ¶ 19. Therefore, a party asserting attorney-client privilege under the common interest rule, must establish that the communication (1) was "made in confidence;" (2) "between privileged persons;" (3) "for the purpose of facilitating the attorney's rendition of professional legal services to the client;" and (4) concerns a matter of common interest[1]. *Id.* at ¶¶ 14-15. Moreover, the "party asserting the privilege . . . bears the burden of establishing that the privilege applies." *Pina v. Espinoza*, 2001-NMCA-055, ¶ 24, 130 N.M. 661, 668, 29 P.3d 1062, 1069 (N.M. Ct. App. 2001) (citing *State v. Gallegos*, 92 N.M. 370, 378, 588 P.2d 1045, 1053 (N.M. Ct. App.1978)).

## LAW REGARDING DISCOVERY IN FEDERAL COURT

Federal Rule of Civil Procedure 81 provides, "[t]hese rules apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1); *see also Baumeister v. N.M. Comm'n*

---

[1] For instance, in the automobile insurance context, one legal matter in the common interest may concern the insurer's uninsured/underinsured motorist policy. Depending upon the insurer's policy, the insured may be advised by the insurer to pursue litigation if, following an accident, expenses resulting from injuries sustained reach beyond the policy's coverage. *See* 24 John Alan Appleman, *Appleman on Ins.* § 151.1, at 235 (2d ed. 2004).

*for the Blind*, 409 F. Supp. 2d 1351, 1352 (D.N.M. 2006) (using Federal Rule of Civil Procedure 81 to inform the court about whether to follow state or federal service rules after removal). Furthermore, Federal Rule of Civil Procedure 26 states, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . [except] when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Thus, after a case is removed from a state court, pending state discovery measures are stayed, absent a stipulation or a court order, until the parties have met to discuss their discovery plan. *See Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) ("Nothing in the language of the rule permits a party to continue to seek discovery which may have been properly served under state law rules pre-removal.").

## LAW REGARDING PRIVILEGE LOGS

Federal Rule of Civil Procedure 45, in pertinent part, provides,

> "A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must . . . (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

Fed. R. Civ. P. 45(d)(2)(A). The party asserting attorney-client privilege "must provide sufficient information to enable [the opposing party and the Court] to determine whether each element of the privilege has been satisfied." *Wildearth Guardians v. United States Forest Service*, 713 F. Supp. 2d 1243, 1266 (D.Colo. 2010) (quoting *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 659 (D.Kan. 2004)) (alterations in original). "Baldfaced assertions" of attorney-client privilege are insufficient. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). Thus, a sufficient privilege log comprises the following information: "the author or origin of the document; any documents or materials attached to the document; all

recipients of the document, including addresses and persons or entities receiving copies; the date of origin of the document; and a description on the contents of the document in sufficient detail to reveal why it is subject to the asserted privilege." *Wildearth Guardians*, 748 F. Supp. 2d at 1266 (quoting *Carbajal v. Lincoln Beneficial Life Co.*, 2007 WL 3407345, at *3 (D.Colo. Nov. 13 2007)).

## DISCUSSION

Based on the information provided in the Privilege Log and the briefing, the Court cannot determine if there was the type of relationship between State Farm and Plaintiffs' counsel, Freedman, Boyd, Hollander, Goldberg, Ives & Duncan, P.A. that would justify the assertion of attorney-client privilege. Likewise, assuming that such a relationship existed, the Court cannot tell from the Privilege Log whether the assertion of the attorney-client privilege was proper. However, the Court need not decide these issues at this time.

As set forth below, the Thirteenth Judicial District Court lacked jurisdiction to issue the Subpoena after the case was removed to the United States District Court for the District of New Mexico. Moreover, the Subpoena was improper because it sought discovery before the parties had met to discuss a discovery plan per the requirements of the Federal Rules of Civil Procedure. Thus, this Court will not compel State Farm to comply with the Subpoena.

**1.** *The Thirteenth Judicial District Court Subpoena Lacked Enforceability.*

Here, Defendants BNSF and McKean properly removed the pending action from the Thirteenth Judicial District Court to this Court on December 15, 2011. Doc. 1. The removal was consented to by all parties on or before December 28, 2011. Provided that the removal was proper and without objection, the Thirteenth Judicial District Court ceased to hold jurisdiction over the pending action after removal. *See* Wright, Miller, Cooper & Steinman, *supra*, § 3738,

at 692-94.  Thus, the Subpoena lacks enforceability because it was issued on January 6, 2012, after this Court acquired full and exclusive jurisdiction over the case.  *See Otway*, 818 F. Supp. at 660 (refusing to give any effect to a post-removal filing made in state court).  Therefore, the Court will not enforce the Subpoena since the Thirteenth Judicial District Court did not have authority to issue the Subpoena once the case was removed to federal court.

**2.** *The Discovery Was Premature.*

Defendant Cook issued the Subpoena on January 6, 2012 (after the case had been removed on December 15, 2011).  Doc. 36.  The parties had not met to discuss discovery until March 1, 2011.  Doc. 18 ("Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 1, 2012 at 11:30 am and was attended by . . .").  Thus, the dates at which a subpoena *duces tecum* seeking discovery from a nonparty could have been issued were either: (1) by the state court before the case had been removed–on or before December 15, 2011 (assuming New Mexico state law permitted such action); or (2) by this Court after the parties held their "meet and confer"–on or after March 1, 2011.  *See* Fed. R. Civ. P. 26(d).  Therefore, absent stipulation or court order, discovery was improper between December 16, 2011 and February 29, 2012.  *Id.*

Ultimately, nothing filed in this Court indicates that the parties had met to discuss discovery or had stipulated thereto before the March 1, 2012 meeting.  Doc. 18; *cf. Riley*, 233 F.R.D. at 499 ("Rule 26(d)'s proscription sweeps broadly: not only may a party not 'serve' discovery, it may not even 'seek' discovery from any source until after the Rule 26(f) conference.").  Therefore, the Court will not enforce the Subpoena since the Subpoena was improperly served before the parties had discussed their discovery plan.

**3. Issuance of a New Subpoena.**

The Court assumes Defendant Cook will acquire a Subpoena *duces tecum* from this Court and make the same request discussed herein. The parties are therefore encouraged to see whether they can reach agreement on production of the document(s) requested. If the parties cannot agree, the Court would remind State Farm that it must serve an objection under Federal Rule of Civil Procedure 45 and provide a proper privilege log.

Before seeking a new subpoena and filing another Motion to Compel, counsel for Defendant Cook and State Farm are to discuss whether they can agree on submitting the document(s) in question to the Court for an *in camera* review and a determination as to whether the document(s) should be produced.

IT IS THEREFORE ORDERED that Defendant Valerie Cook's Motion To Compel, Doc. 36, is DENIED.

_____
Alan C. Torgerson
United States Magistrate Judge